## Shilling Estate

*Duffy, McTighe & McElhone*, and *Obermayer, Rebmann, Maxwell & Hippel*, for petitioners.

*Anthony L. Differ*, p.p., guardian and trustee ad litem.

TAXIS, P. J., December 30, 1963.—The question presented is: Where a trust inter vivos provides for payment of income to settlor's son and in addition provides for payment of principal to son at the rate of $500 quarterly, and where settlor's will executed on the same day creates a trust of a portion of settlor's residuary testamentary estate, with provision for the payment of income and principal to the son, in accordance with the terms of the inter vivos deed of trust, is the son entitled to receive quarterly payments of principal from both trusts?

This matter comes before the court by way of a petition for declaratory judgment filed by Provident Tradesmens Bank and Trust Company, trustee under the will of Frederick Mast Shilling, deceased.

Frederick Mast Shilling died August 28, 1961. By an inter vivos deed of trust dated October 1, 1946, decedent as settlor created a trust of his life insurance policies and other property and named Provident Tradesmens Bank and Trust Company as trustee. This deed of trust as last amended on June 27, 1960, provides that following the death of settlor, trustee is to hold two-fifths of the principal of the trust to pay over and distribute the principal to settlor's son, Charles Shilling, in quarterly payments of $500 each, together with such income as should be accumulated and distributable at the end of each quarter, until the entire principal of the said two-fifths share and income therefrom should be distributed.

Also on June 27, 1960, settlor-decedent executed his last will and testament and paragraph Second (B), pertinent here, provides as follows:

"B. I give, devise and bequeath an undivided two-fifths (2/5) share therein to the Provident Trust Company of Philadelphia, In Trust, to invest, reinvest and keep invested the principal thereof and to *distribute* the *income* derived therefrom *and* the *principal* thereof

in accordance with the terms of Paragraph Second, C and D of a certain Deed of Trust executed by us on October 1, 1946, as amended by us June 27, 1963."

On May 11, 1962, Provident Tradesmens Bank and Trust Company, trustee under the inter vivos deed, filed its account which was duly examined and audited by this court. By adjudication dated June 19, 1962, the account was confirmed, and there was awarded to the Provident Tradesmens Bank and Trust Company as trustee for Charles Shilling under clause Second C of the intervivos deed of trust, two-fifths of the entire principal of the trust having a then value of $34,765.42.

On June 4, 1962, Provident Tradesmens Bank and Trust Company, as executor, filed its first and final account which was examined and audited by this court. By adjudication dated July 6, 1962, the account was confirmed, and there was awarded to the Provident Tradesmens Bank and Trust Company, as trustee for Charles Shilling, under paragraph Second B of the will, two-fifths of the entire principal of the residuary testamentary estate having a then value of approximately $5,000.

Therefore the question arose as to whether Charles Shilling is entitled to receive quarterly payments of $500 out of the principal of the inter vivos trust and also $500 out of the principal of the testamentary trust, or whether Charles Shilling is entitled to receive only one quarterly payment each quarter out of the combined principal of both trusts. Trustee, in order to discharge its duties as trustee under the two trusts, has filed this petition for declaratory judgment.

The question would seem to be answered by section 14.1 of the Wills Act of April 24, 1947, P. L. 89, as amended.

This section, which was an amendment to the Wills Act, was effective July 11, 1957, is applicable here and provides as follows:

"A devise or bequest in a will may be made to the trustee of a trust (including an unfunded life insurance trust, although the settlor has reserved any or all rights of ownership in the insurance contracts) established, in writing, by the testator or any other person before or concurrently with the execution of such will, or to such a trust to be established, in writing at a future date: Provided, That any such future trust instrument or amendment thereto shall be signed by the settlor. Such devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after execution of the will. *Unless the will provides otherwise*, the property so devised or bequeathed shall not be deemed held under a testamentary trust of the testator *but shall become and be a part of the principal of the trust* to which it is given to be administered and disposed of in accordance with the provisions of the instrument establishing such trust and any amendment thereof. An entire revocation of the trust prior to the testator's death shall invalidate the devise or bequest unless the will directs otherwise." (Italics supplied.)

It is to be observed that this section declares the devised or bequeathed property ". . . shall not be deemed held under a testamentary trust . . . but shall become and be a part of the principal of the trust to which it is given to be administered . . ." unless the will provides otherwise.

Does Mr. Shilling's will "provide otherwise?" I think not. The will certainly does not expressly or by implication provide otherwise. The will clearly and unmistakably refers and identifies the inter vivos deed of trust and directs that principal and income be distributed ". . . in accordance with the terms . . ." of that deed. It is hard to conceive of language which more clearly demonstrates that this testamentary trust "pours over" into this inter vivos deed. If a testator

wishes to "provide otherwise," it is incumbent upon him to so declare by language which is clear and compelling for in the absence of such language the provisions of section 14.1 will operate to "pour over" said testamentary trust as an addition to the corpus of the inter vivos trust.

The court rules, therefore, that there is nothing in this will which "provides otherwise" and as a consequence the beneficiary, Charles Shilling, is entitled to only one quarterly payment of $500, and the income out of the combined principal of both trusts.

Anthony L. Differ, Esq., was appointed guardian ad litem and trustee ad litem, and has filed his report. For his services as such guardian and trusteee ad litem there is awarded to him out of principal a fee of $200.